```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

-------------------------------x
                               :
MICHELLE RENE CALDER           :    Civ. No. 3:15CV01478(SALM)
                               :
v.                             :
                               :
CAROLYN W. COLVIN, ACTING      :    March 17, 2016
COMMISSIONER, SOCIAL SECURITY  :
ADMINISTRATION                 :
                               :
-------------------------------x
```

## ORDER OF DISMISSAL

Plaintiff Michelle Rene Calder filed her Complaint in this matter on October 13, 2015. [Doc. #1] On December 23, 2015, the Court entered a Scheduling Order requiring plaintiff to file a motion to reverse and/or remand on or before February 19, 2016. [Doc. #16] On February 19, 2016, counsel for plaintiff filed a notice with the Court indicating that he had been unable to reach his client for several weeks, and detailing his efforts to communicate with her. [Doc. #17] On February 23, 2016, this Court entered an Order to Show Cause requiring plaintiff to show good cause in writing on or before March 15, 2016, why this case should not be dismissed for failure to prosecute. [Doc. #18] No response has been filed to that Order by plaintiff, nor has plaintiff requested an extension of the deadlines in the scheduling order.

Rule 41(a) of the Local Rules of Civil Procedure provides:

> In civil actions ... in which deadlines established by
> the Court pursuant to Rule 16 appear not to have been
> met, the Clerk shall give notice of proposed dismissal

>    to counsel of record and pro se parties, if any. If
>    such notice has been given and no action has been
>    taken in the action in the meantime and no
>    satisfactory explanation is submitted to the Court
>    within twenty (20) days thereafter, the Clerk shall
>    enter an order of dismissal.

D. Conn. L. Civ. R. 41(a). See also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with ... a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) ... operates as an adjudication on the merits."). "Although not explicitly authorized by [Rule 41(b)], such dismissals may be made sua sponte." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998). Plaintiff has failed to prosecute this case and to comply with the Court's orders; plaintiff has further failed to show cause why this case should not be dismissed.

It is therefore ordered that this action be dismissed with prejudice for failure to prosecute. Counsel for plaintiff shall mail a copy of this order directly to plaintiff at her address of record. The Clerk is directed to enter judgment in favor of the defendant in this matter.

SO ORDERED at New Haven, Connecticut, this 17th day of March, 2016.

_____/s/_____
SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE

2